UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ROSELIN V. VILLEGAS,
and other similarly situated individuals,

    Plaintiff (s),

v.

FRUDECO LLC,
KELLY MOSES,
and YARDEN WEISS,
individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ROSELIN V. VILLEGAS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants FRUDECO LLC, KELLY MOSES and YARDEN WEISS, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages, and constructive discharge, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ROSELIN V. VILLEGAS is a resident of Florida, within the jurisdiction of this Honorable Court. Plaintiff's complete name is Roselin V. Villegas de Fernandez. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant FRUDECO LLC (hereinafter FRUDECO, or Defendant) is a Florida corporation, having a place of business in Dade County, Florida. Defendant was and is engaged in interstate commerce.

4. Individual Defendants KELLY MOSES and YARDEN WEISS were and are now, owners/partners/officers and/or managers of Defendant Corporation FRUDECO. Defendants KELLY MOSES and YARDEN WEISS were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)],

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, retaliatory and liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after July 2020, (the "material time") without being properly compensated.

7. Corporate Defendant FRUDECO is a specialty bakery located at 8212 NE 2nd Avenue, Miami, Florida 33138, where Plaintiff worked.

8. Defendants FRUDECO, KELLY MOSES, and YARDEN WEISS employed Plaintiff as a full-time, non-exempt, hourly employee from approximately July 06, 2020, to February 05, 2021, or 30 weeks.

9. Plaintiff was hired as a baker, and as a bakery's general work employee. During her time of employment, Plaintiff was paid at the rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

10. While employed by Defendants, Plaintiff worked 6 days per week, more than 40 hours weekly without receiving proper compensation for overtime hours. Defendants misinformed employees about their rights to be paid overtime hours and classify them as independent contractors. Plaintiff worked as follows:

11. 1.- <u>From July 6, 2020, to approximately October 31, 2020, or 17 weeks.</u>- Plaintiff had a regular schedule, she worked 6 days per week. From Monday to Friday Plaintiff worked from 8:00 AM to 6:00 PM (10 hours each day); on Saturdays, Plaintiff worked from 5:30 AM to 6:00 PM (12.5 hours). Plaintiff completed a minimum average of 62.5 hours weekly. Plaintiff was unable to take bonafide lunch breaks. Plaintiff was paid for all her working hours at her regular rate of $10.00 an hour, but she was not paid for overtime hours. In this period, Plaintiff is owed half-time overtime for every hour over forty (40).

12. 2.- <u>From November 01, 2020, to February 05, 2021, or 13 weeks.</u>- Plaintiff had a regular schedule, she worked 6 days per week. From Monday to Friday Plaintiff worked from 8:00 AM to 4:00 PM (8 hours each day); on Saturdays, Plaintiff worked from 6:00 AM to 4:00 PM (10 hours). Plaintiff completed a minimum average of 50 hours weekly. Plaintiff was unable to take bonafide lunch breaks. In

this period, Plaintiff was paid for overtime hours at the incorrect rate of $12.00 an hour. In this period, Plaintiff is owed a $3.00 half-time difference for every overtime hour paid at the incorrect rate of $12.00 an hour.

13. Plaintiff worked more than 40 hours every week. However, she was not paid for overtime hours properly.

14. Plaintiff did not clock-in and out, but Defendants recorded the hours worked by Plaintiff, and they were able to track the hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, during the relevant period of employment, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

16. Plaintiff was paid weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

17. Plaintiff complained numerous times to the owners of the business, the accountant, and her manager Norelkis LNU, but the problem was not fixed.

18. On or about February 05, 2021, Plaintiff was forced to resign from her employment with Defendants because she could no longer work overtime hours without adequate payment.

19. Plaintiff ROSELIN V. VILLEGAS intends to recover half-time overtime for every hour worked over 40 weekly, for at least 17 weeks, and $3.00 overtime difference for each overtime hour that was paid to her at the incorrect rate of $12.00 for

approximately 13 weeks. Also, Plaintiff intends to recover liquidated damages, retaliatory damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiff ROSELIN V. VILLEGAS re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This action is brought by Plaintiff and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one half-times the regular rate at which he is employed."

23. The Employer FRUDECO at all times pertinent to this Complaint was engaged in interstate commerce or the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a retail business operating as a bakery, and through its business activity, affects interstate commerce.

Defendant has more than two employees recurrently engaged in interstate commerce. Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff was employed by an enterprise engaged in interstate commerce, and Plaintiff's work for Defendant likewise affects interstate commerce. Plaintiff was a baker and through her daily activities, she regularly produced goods for commerce. Additionally, Plaintiff handled and worked on goods and materials that were moved in or produced for interstate commerce at any time of the business. Therefore, there is FLSA individual coverage.

25. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

26. Defendants FRUDECO, KELLY MOSES, and YARDEN WEISS employed Plaintiff as a full-time, non-exempted, hourly employee from approximately July 06, 2020, to February 05, 2021, or 30 weeks.

27. Plaintiff was hired as a baker, and as a bakery's general work employee. During her time of employment, Plaintiff was paid at the rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

28. While employed by Defendants, Plaintiff worked 6 days per week, more than 40 hours weekly without receiving proper compensation for overtime hours. Plaintiff worked as follows:

29. 1.- <u>From July 6, 2020, to approximately October 31, 2020, or 17 weeks.</u>- Plaintiff had a regular schedule, she worked 6 days per week a minimum average of 62.5 hours weekly. Plaintiff was unable to take bonafide lunch periods. In this period, Plaintiff was paid for all her working hours at her regular rate of $10.00 an hour, but she was not paid for overtime hours. In this period, Plaintiff is owed half-time overtime for every hour above forty (40).

30. 2.- <u>From November 01, 2020, to February 05, 2021, or 13 weeks.</u>- Plaintiff had a regular schedule, she worked 6 days per week a minimum average of 50 hours weekly. Plaintiff was unable to take bonafide lunch periods. In this period, Plaintiff was paid for overtime hours at the incorrect rate of $12.00 an overtime hour. In this period, Plaintiff is owed a $3.00 half-time difference for every overtime hour paid at the incorrect rate of $12.00 an hour.

31. Plaintiff worked more than 40 hours every week. However, she was not paid for overtime hours properly.

32. Plaintiff did not clock-in and out, but Defendants recorded the hours worked by Plaintiff, and they were able to track the hours worked by Plaintiff and other similarly situated individuals.

33. Therefore, during the relevant period of employment, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for

every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

34. Plaintiff was paid weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

35. The records, if any, concerning the number of hours worked by Plaintiff ROSELIN V. VILLEGAS, and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

36. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

38. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

39. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    \* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

       Two Thousand Three Hundred Two Dollars and 50/100 ($2,302.50)

    b. <u>Calculation of such wages</u>:

>Total weeks of employment: 30 weeks
>Total relevant weeks of employment: 30 weeks
>Regular rate: $10.00 x 1.5 = $15.00 an hour

**1.-O/T from July 6, 2020, to approx. October 31, 2020, or 17 weeks**

>Total relevant weeks of employment: 30 weeks
>Total hours worked: 62.5 hours weekly
>Total overtime hours: 22.5 overtime hours weekly
>Regular rate: $10.00 an hour x 1.5= $15.00 an hour
>O/T rate: $15.00-$10.00 P/T rate paid= $5.00 half-time difference
>
>O/T half-time rate $5.00 x 22.5 hours=$112.50 weekly
>$112.50 weekly x 17 weeks= $1,912.50

**2.-O/T from November 01, 2020, to February 05, 2021, or 13 weeks**

>Total relevant weeks of employment: 13 weeks
>Total hours worked: 50 hours weekly
>Total overtime hours: 10 overtime hours weekly
>Regular rate: $10.00 an hour x 1.5= $15.00 an hour
>O/T rate: $15.00-$12.00 O/T rate paid= $3.00 half-time difference
>
>O/T half-time rate $3.00 x 10 O/T hours=$30.00 weekly
>$30.00 weekly x 13 weeks= $390.00

Total #1 and #2: $2,302.50

   c. Nature of wages (e.g. overtime or straight time):

   This amount represents the unpaid half-time overtime hours.

40. At all times material hereto, the Employer/Defendant FRUDECO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendant FRUDECO knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

42. At the times mentioned, individual Defendants KELLY MOSES and YARDEN WEISS were owners/partners/officers, and they directed operations of FRUDECO. Defendants KELLY MOSES and YARDEN WEISS were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of FRUDECO concerning its employees, including Plaintiff and others similarly situated. Defendants KELLY MOSES and YARDEN WEISS had financial and operational control of the business, provided Plaintiff with her work schedule, determined Plaintiff's term and conditions of employment and they are jointly and severally liable for Plaintiff's damages.

43. Defendants FRUDECO, KELLY MOSES, and YARDEN WEISS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

44. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROSELIN V. VILLEGAS and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ROSELIN V. VILLEGAS and other similarly situated and against the Defendants FRUDECO, KELLY MOSES and YARDEN WEISS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff ROSELIN V. VILLEGAS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II
## FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE OF ROSELIN V. VILLEGAS; PURSUANT TO 29 U.S.C. 215(a)(3), AGAINST ALL DEFENDANTS

45. Plaintiff ROSELIN V. VILLEGAS re-adopts every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

46. The Employer FRUDECO at all times pertinent to this Complaint was engaged in interstate commerce or the production of goods for commerce as defined in §§ 3 (r)

and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a retail business operating as a bakery, and through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in interstate commerce. Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

47. Plaintiff was employed by an enterprise engaged in interstate commerce, and Plaintiff's work for Defendant likewise affects interstate commerce. Plaintiff was a baker and through her daily activities, she regularly produced goods for commerce. Additionally, Plaintiff handled and worked on goods and materials that were moved in or produced for interstate commerce at any time of the business. Therefore, there is FLSA individual coverage.

48. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

49. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

50. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such

employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to

51. Defendants FRUDECO, KELLY MOSES, and YARDEN WEISS employed Plaintiff as a full-time, non-exempted, hourly employee from approximately July 06, 2020, to February 05, 2021, or 30 weeks.

52. Plaintiff was hired as a baker, and as a bakery's general work employee. During her time of employment, Plaintiff was paid at the rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

53. While employed by Defendants, Plaintiff worked 6 days per week, more than 40 hours weekly without receiving proper compensation for overtime hours. Plaintiff worked as follows:

54. 1.- <u>From July 6, 2020, to approximately October 31, 2020, or 17 weeks.</u>- Plaintiff worked 6 days per week a minimum average of 62.5 hours weekly. In this period, Plaintiff was paid for all her working hours at her regular rate of $10.00 an hour, but she was not paid for overtime hours.

55. 2.- <u>From November 01, 2020, to February 05, 2021, or 13 weeks.</u>- Plaintiff worked 6 days per week a minimum average of 50 hours weekly. Plaintiff was paid for overtime hours at the rate of $12.00 an overtime hour. In this period, Plaintiff is owed a $3.00 half-time difference for every overtime hour paid at the incorrect rate of $12.00 an hour.

56. Plaintiff worked more than 40 hours every week. However, she was not paid for overtime hours properly.

57. Plaintiff did not clock-in and out, but Defendants recorded the hours worked by Plaintiff, and they were able to track the hours worked by Plaintiff and other similarly situated individuals.

58. Therefore, during the relevant period of employment, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

59. Plaintiff was paid weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

60. Plaintiff complained numerous times to the owners of the business, the accountant, and her manager Norelkis LNU, but the problem was completely fixed.

61. After many complaints, on or about November 01, 2020, Defendants began to pay for overtime hours, but at the incorrect rate of $12.00 an hour.

62. On or about February 05, 2021, Plaintiff was forced to resign from her employment with Defendants because Defendants denied the payment of overtime hours and she could not continue working overtime hours without adequate payment.

63. Thus, on or about February 05, 2021, Plaintiff was constructively discharged, because Defendants deliberately created unfair working conditions that any reasonable person could not accept, and she was forced to resign.

64. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices to constructively discharge Plaintiff.

65. At the times mentioned, individual Defendants KELLY MOSES and YARDEN WEISS were owners/partners/officers, and they directed operations of FRUDECO. Defendants KELLY MOSES and YARDEN WEISS were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of FRUDECO concerning its employees, including Plaintiff and others similarly situated. Defendants KELLY MOSES and YARDEN WEISS had financial and operational control of the business, provided Plaintiff with her work schedule, determined Plaintiff's term and conditions of employment and they are jointly and severally liable for Plaintiff's damages.

66. The motivating factor which caused Plaintiff's constructive discharge as described above was her complaints seeking unpaid regular and overtime wages from the Defendants. In other words, Plaintiff would not have been constructively discharged but for her complaints about unpaid overtime wages.

67. The Defendants' constructive discharge of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

68. Plaintiff ROSELIN V. VILLEGAS has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROSELIN V. VILLEGAS respectfully requests that this Honorable Court:

A. Enter judgment against the Defendants FRUDECO, KELLY MOSES and YARDEN WEISS, that Plaintiff ROSELIN V. VILLEGAS recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

C. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D. Plaintiff ROSELIN V. VILLEGAS further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ROSELIN V. VILLEGAS demands trial by a jury of all issues triable as of right by a jury.

Dated: February 9, 2021

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*