UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20559-CIV-COOKE/O'SULLIVAN

ROSELIN V. VILLEGAS,

    Plaintiff,

v.

FRUDECO LLC, KELLY MOSES, individually,
and YARDEN WEISS, individually,

    Defendant.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND
RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE**

THIS MATTER is before the Court pursuant to an Order of Reference entered by the Honorable Marcia G. Cooke, United States District Judge, on the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice(DE# 5, 5/11/21). See Order Referring Case to Magistrate Judge (DE# 6, 5/25/21).

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable

compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, the plaintiff is being properly compensated. A copy of the Settlement Agreement and Release of FLSA Claims (DE# 5-1, 5/11/21) was docketed and the terms of the settlement were discussed on the record in open Court. The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the agreement reached by the parties is a fair and reasonable resolution of the case. Accordingly, it is

**ORDERED AND ADJUDGED** that the Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice(DE# 5, 5/11/21) is **GRANTED**. The parties' settlement agreement (including attorney's fees and costs) is hereby APPROVED. It is further

**RECOMMENDED** and the parties agree that this case be dismissed with prejudice.

The parties shall have **one (1) day**[1] from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C § 636(b)(1);

---

[1] The parties agreed to a shortened, one-day period for filing objections.

Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED**, in Chambers, at Miami, Florida this **7th** day of June, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE